Walker v. City of Utica

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*.

_____

WILLIE WALKER,

> *Plaintiff-Appellant*,

> v.                                                                            15-1003

CITY OF UTICA, DANIEL LABELLA, individually and in his official capacity as Utica Police Chief, MARK WILLIAMS, individually and in his official capacity as Utica Police Chief, JOHN TOOMEY, individually and in his official capacity as Utica Police Captain, LOUIS CAPRI, individually and in his official capacity as Utica Police Lieutenant, EDWARD NOONAN, individually and in his official capacity as Utica Police Officer, STANLEY FERNALD, individually and in his official capacity as a Utica Police Officer, FRANK MUCITELLI, individually and in his capacity as a Utica Police Officer, JOSHUA GRANDE, individually and in his official capacity as Utica Police Officer, JAMES HOLT, individually and in his

official capacity as Utica Police Officer, TODD DUVAL, individually and in his official capacity as Utica Police Officer, MICHAEL CURLEY, individually and in his official capacity as Utica Police Officer, SAMUEL GEDDES, individually and in his official capacity as Utica Police Officer, STEVEN HAUCK, individually and in his official capacity as Utica Police Officer, LINDA FATATA, individually and in her official capacity as Utica Corporation Counsel, BRIAN BANSNER, HOWARD BRODT,

<em>Defendants-Appellees.</em>

_____

FOR PLAINTIFF-APPELLANT:     Willie Walker, pro se, Utica, New York.

FOR DEFENDANTS-APPELLEES:     Zachary Christopher Oren and John Paul Orilio, Assistant Corporation Counsel, City of Utica Law Department, Utica, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Willie Walker, proceeding pro se, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 claims that the defendants violated his civil rights by, *inter alia*, subjecting him to false arrest, malicious prosecution, and an illegal search relating to incidents that took place on October 24, 2009 and January 1, 2010. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, which is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

Walker's brief challenges only the dismissal of his false arrest, malicious prosecution, and illegal search claims. Accordingly, he has abandoned his other claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

Our review of the record and relevant case law shows that the district court properly granted summary judgment in favor of defendants on Walker's remaining claims. We affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough memorandum-decision and order.

We have considered all of Walker's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3